UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AKEEM TURNER BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:18CV120-PPS |
| vs. | ) |  |
|  | ) |  |
| THE STATE OF INDIANA, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Akeem Turner Bey, a *pro se* prisoner, filed a complaint against eight defendants as a result of being served soy at the Indiana State Prison (ISP). A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Turner Bey's complaint is centered around the fact that ISP serves food containing soy to inmates. He believes soy presents a health danger to humans. Turner

Bey sues Indiana Governor Eric Holcomb, the Indiana Department of Correction (IDOC), ISP Superintendent Ron Neal, Aramark, Aramark Supervisor Mr. Peoples, Aramark Contract Monitor John Schilling, Mr. Crane, and an unidentified ISP dietician. Turner Bey seeks money damages and injunctive relief.

Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

From a reading of the complaint and its attachments, it is clear that Turner Bey believes that consuming a soy-rich diet violates the Eighth Amendment. It does not. Today, foods containing soy are widely consumed and federal regulations permit food labels to advertise the health benefits of consuming food containing soy. *See* 20 C.F.R. § 101.82. As such, there is no general consensus that soy poses a health hazard, much less an unreasonable one. Though "the safety of soy is a topic of current debate and study

and has been for some time[, t]hat is not enough to find an Eighth Amendment violation." *Harris v. Brown*, 3:07-CV-3225, 2014 WL 4948229 (C.D. Ill. September 30, 2014) (collecting studies and expert opinions); *see also Green v. Wexford Health Sources*, Case No. 12 C 50130, 2016 WL 1214825, *10 (N.D. Ill. March 29, 2016). Indeed, I have not found any court in this Circuit to have ruled that inmates being served a soy-rich diet states any such constitutional claim. *Riley-El v. Godinez*, No. 13 C 8656, 2015 WL 4572322 (N.D. Ill. July 27, 2015) (collecting cases); *Adams v. Talbor*, No. 13-2221, 2013 WL 5940630 (C.D. Ill. Nov. 6, 2013). Thus, Turner-Bey's general complaints regarding a soy-based diet do not state a claim.

Although serving soy to inmates does not in and of itself violate the constitution, Turner Bey may be under the belief that the soy ISP is serving to him is otherwise dangerous. Indeed, he alleges that the soy is labeled "not for human consumption." But he does not allege that he has in fact been personally harmed by the soy served at the prison; he simply claims that all soy is dangerous. Without more, he has not alleged enough facts to proceed past initial review. But, if Turner Bey believes he can plausibly allege that the soy he is being served at ISP is dangerous - other than his general belief that all soy is dangerous - he can raise and articulate that claim in an amended complaint. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

ACCORDINGLY:

3

(1) the clerk is DIRECTED to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and sent it to Akeem Turner Bey;

(2) Akeem Turner Bey is GRANTED to June 18, 2018, to file an amended complaint; and

(3) Akeem Turner Bey is CAUTIONED that if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 21, 2018.

/s/ Philip P. Simon  
Judge  
United States District Court