UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AKEEM TURNER BEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18CV120-PPS |
| vs. | ) | |
| | ) | |
| THE STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Akeem Turner Bey, a *pro se* prisoner, initially filed a complaint against eight defendants as a result of being served food containing soy at the Indiana State Prison (ISP). I explained that his general claim for being served a soy diet was not cognizable under 42 U.S.C. § 1983. Nevertheless, because Turner Bey seemed to indicate that the quality of soy being served was otherwise dangerous, I granted him to leave to amend his complaint in order to further elaborate on that potential claim, in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). ECF 9.

Turner Bey has now filed an amended complaint. ECF 10. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

1

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his amended complaint, Turner Bey decided not to pursue his claim that the quality of soy being served at ISP is dangerous. Instead, his allegations center around the more general complaint that ISP served him food containing soy. Turner Bey sues Indiana Governor Eric Holcomb, the Indiana Department of Correction (IDOC), ISP Superintendent Ron Neal, Aramark, Aramark Supervisor Mr. Peoples, Aramark Contract Monitor John Schilling, Mr. Crane, and an unidentified ISP dietician. Turner Bey seeks money damages and injunctive relief.

To start, Turner Bey again claims that the defendants' decision to serve him (and the other inmates at ISP) a soy-based diet, in and of itself, violates the Eighth Amendment. I have previously explained that this claim has no traction. ECF 9. For the reasons fully explained in that May 21, 2018, decision, Turner-Bey's general complaint about being served a soy-based diet does not state a claim. See *Id.*

Next, Turner Bey alleges that prison officials violated the Eighth Amendment by serving him soy because it caused him health problems. It is true that, "[a]lthough the provision of a soy diet, as a general matter, does not violate the Eighth Amendment, it may still amount to cruel and unusual punishment if a plaintiff has a serious medical

2

condition for which soy is contraindicated." *Riley-El v. Godinez*, 2015 WL 4572322 at *4-5. In *Riley-El*, the plaintiff was diagnosed with a serious medical condition for which an outside doctor advised him to reduce his soy intake. *Id.* Riley-El claimed to be consuming too much soy in light of his health condition. He brought these concerns to the attention of prison officials, who failed to act. The court found that his allegations about the effect of consuming soy under those circumstances were sufficient to survive a motion to dismiss. *Id.* But, quite unlike the plaintiff in *Riley-El,* Turner Bey does not allege to have been diagnosed with any serious medical condition for which soy is contraindicated. Thus, Turner Bey can find no relief under this theory.

Although not diagnosed, I note that Turner Bey alleges that "soy meat has caused me diarrhea on numerous occasions, it's caused me to feel woozy, aggravated, symptoms of feeling lava hot and ice cold during summer months plus in the winter, I've thrown up blood with my food, it's made my blood pressure rise to like 100 something over 100 something and other things where are documented on these 7 health care request forms I've submitted to show what it's done to me."[1] ECF 10 at 3. The simple fact that Turner Bey may have gotten ill from eating soy does not make the defendants liable to him. Prison officials only violate the Eighth Amendment's

---

[1] I have examined each of these seven forms to see what, exactly, is going on. In them, Turner Bey makes various complaints to health care staff. But, none of these forms suggest Turner Bey is suffering from, or has been diagnosed with, a serious medical condition for which soy is contraindicated. ECF 10 at 6-12. Nor do any of these forms indicate soy is causing the complained of health problems. In fact, none of the seven health care forms even mention soy. Id. Instead, Turner Bey attributed each his health problems to something other than soy. Id. Thus, Turner Bey's current allegations that soy caused him to suffer these past health problems are simply not plausible in light of the attached documents.

proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Even if Turner Bey suffered negative health effects from exposure to soy, there are no allegations that any of the defendants knew the risks of serving Turner Bey a soy diet prior to implementing it. Thus, there is no alleged deliberate indifference on their part. As a result, these allegations could not state a claim against any defendant.

ACCORDINGLY:

This case is DISMISSED pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim for which relief can be granted.

SO ORDERED on July 11, 2018.

    /s/ Philip P. Simon
    Judge
    United States District Court